# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| JOSEPH KYLE METHENEY, ) | |
| Appellant, ) | |
| v. ) | Case No. 4:19CV971 JCH |
| MELANIE METHENEY, ) | |
| Appellee, ) | |
| and ) | |
| OFFICE OF U.S. TRUSTEE, ) | |
| Trustee. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on appeal from the United States Bankruptcy Court for the Eastern District of Missouri Case Nos. 18-04096-399 and 13-41677-399. The matter is fully briefed and ready for disposition.

## BACKGROUND

### I. Undisputed Statement of the Case

The parties filed a brief and an undisputed summary of the facts in this case. This case was originally tried as a bench trial before the Honorable Barry S. Schermer. (ECF No. 3, at 4). The issue present before the Court was the dischargeability in Chapter 13 of the United States Bankruptcy Code of a judgement in the amount of $76,128.70 entered against Appellant in the Eleventh Judicial Circuit of Missouri in cause number 1011-FC01899-02. *Id.* Judgement was entered stated that Appellant, Mr. Metheney, failed to pay Appellee, Mrs. Metheney, certain stock option proceeds pursuant to a divorce judgement. *Id.* The bankruptcy trial court found that a

1

portion of the stock options were payable before the filing of Appellant's bankruptcy petition, and a portion of the stock option that became payable during the pendency of the bankruptcy. Further the bankruptcy trial court found that both portions of the stock options were held in trust and therefore were not a dischargeable debt pursuant to the holding of *Bush v. Taylor*, 912 F.2d 989,992 (8th Cir. 1990).

## II.     Legal Arguments and Facts Elicited from the Parties at Trial

The divorce judgement regarding the parties was entered on or about May 3, 2011. Case No. 13-41677-BSS, Adv. No. 18-04096 - BSS (ECF No. 39, Transcript of Trial, at 10). The judgement included an order for child support and maintenance. *Id.* at 12. Additionally, the judgement incorporated a Separation Agreement. *Id.*, at 13. The Separation Agreement divided property between the parties, awarding sixty (60) percent of the stock options in question to Mrs. Metheney and forty (40) percent to Mr. Metheney. *Id.* Mr. Metheney testified that the stocks were nontransferable and therefore, Mrs. Metheney would contact Mr. Metheney in order to exercise the option that was available to her. *Id.*, at 14.

On March 1, 2013, Mr. Metheney filed for Chapter 13 Bankruptcy. *Id.*, at 15. During the course of the Chapter 13 Bankruptcy, Mrs. Metheney received leave from the court to pursue a contempt action in state court. *Id.*, at 16. One aspect of the contempt proceeding was the stock options at issue in this case. *Id.* Mr. Metheney was held in contempt for failing to tender to Mrs. Metheney a certain percentage of the proceeds that Mr. Metheney cashed in on the stocks. *Id.*, at 18. It is Mr. Metheney's contention that the contempt judgment issued by the State Court should be discharged as part of the Chapter 13 proceeding. *Id.*, at 17.

During oral argument of the case before the Honorable Judge Schermer, Counsel for Mrs. Metheney argued that pursuant to *In re Peterson*, 133 B.R. 508, the stock options in dispute were

a marital asset not a marital debt and therefore under 11 U.S.C. 541(d) is not an asset of the martial estate subject to discharge under 523 U.S.C.(a)(15) but rather an asset held in constructive trust for Mrs. Metheny pursuant to the terms of the judgement and decree of dissolution in the divorce court. *Id.*, at 5. Counsel for Mrs. Metheny additionally argued that the doctrine of judicial estoppel should preclude Mr. Metheny from discharging the obligation due to his failure to disclose all marital assets. *Id.*, 5-6. Counsel for Mr. Metheney simply argued that the disputed stock options were a property settlement and therefore dischargeable under Chapter 13 of the Bankruptcy Code. *Id*., at 9.

Judge Schermer held that *Bush v. Taylor*, 912 F.2d 989, 992 (8th Cir. 1990) was applicable in this case and "to the extent the stock options that are subject of this action terminated pre-petition, they were part of a constructive trust, and to the extend the stock options terminated post-petition, they were 'not dischargeable because [p]ayments [that] are not yet due and payable do not represent a debt under the Code.'" Case No. 13-41677-BSS, Adv. No. 18-04096 - BSS (ECF No. 18, Final Bankruptcy Order). Judge Schermer did not determine dischargeability based upon the character of the stock options as marital property or debt.

### III. Legal Arguments of the Parties on Appeal

#### a. Apellant's Argument

Appellant argues that *Bush* is inapplicable to the instant matter. (ECF No. 3, at 4). Appellant specifically argues that the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 (BAPCA) expresses' Congress' intent that debts and other alimony, maintenance and support between former spouses are dischargeable under 11 U.S.C. §1328(a)(2). *Id.* Appellant argues that the amounts owed to Appellee fall within the definition of debt and is not in the nature of alimony, maintenance or support. *Id.*

b. **Appellee's Argument**

Appellee asserts that the ruling of the Bankruptcy court to apply *Bush v. Taylor* is consistent with that of the Eighth Circuit and is also consistent with decisions rendered throughout the United States. (ECF No. 4, at 1). Appellee argues that adoption of a contrary option by this Court would allow debtor to avoid paying his obligation as was ordered in the divorce judgement and would set precedent for such avoidance by filing bankruptcy under Chapter 13 of the Bankruptcy Code. *Id.*, at 2.

## **LEGAL STANDARD**

On appeal, the United States District Court may affirm, modify or reverse a judgement, order or decree of a bankruptcy judge, or remand to the bankruptcy court with instructions for further proceedings. *In re J.H. Ware Trucking*, 186 B.R. 935, 936 (E.D. Mo. 1995); *In re Spirit Holding Co., Inc.,* 214 B.R. 891,894 (E.D. Mo 1997). When a debtor appeals a bankruptcy court's order to a district court, the district court reviews the bankruptcy court's legal conclusions *de novo* and its findings of fact for clear error. *In re Hanis*, 2017 WL 3412093 *6 (E.D. Mo. Aug 8, 2017)(citing *In re Tasic*, No. 4:13CV479 ERW, 2013 WL 2425133, at *3 (E.D. Mo. June 4, 2013). Issues committed to the bankruptcy court's discretion are reviewed for an abuse of that discretion. *Id.* The bankruptcy court abuses its discretion if it fails to apply the proper legal standard or bases its order on findings of fact that are clearly erroneous. *Id.* The instant case was decided in a bench trial. Both parties have submitted limited briefing and have declined to request oral argument. *See,* (ECF Nos. 3 and 4).

## **DISCUSSION**

The Appellant asserts that the Bankruptcy court's conclusions are based upon *Bush v. Taylor*, 912 F.2d 989 (8th Cir. 1990) which was decided prior to the enactment of the BAPCA. BAPCA enacted 11 U.S.C. §1328(a)(2) which excepts certain debts from discharge. Appellant asserts that BAPCA and the Bankruptcy Court's holding based on *Bush v. Taylor* are incompatible. Appellant argues that pursuant to BAPCA the stock options to be held in trust for Appellee are dischargeable debt not an exempted domestic support obligation. The Appellee argues that *Bush v. Taylor* is still good law, and that construing the stock options as a dischargeable debt would be violative of public policy. The Court finds that *Bush v. Taylor,* 912 F.2d 989 (8th Cir. 1990) designates the proper treatment of the assets at issue in this case. The Court will therefore affirm.

In *Bush v. Taylor,* 912 F.2d 989 (8th Cir. 1990), the Court of Appeals was presented with a factually similar issue to the one presented in this case. In *Bush v. Taylor*, a Decree of Dissolution of the marriage of the parties was entered. Husband and wife each were awarded as his or her sole and separate property one-half of the pension benefits. It was the husband's "responsibility to pay over to his former wife, on a timely basis, her half of each check." *Bush*, 912 F.2d at 990. The issue before the Eighth Circuit was whether the husband's post-petition obligation to pay the wife's share of the pension for as long as he lived was a dischargeable debt within the meaning of the Code. The Eighth circuit determined that the wife's share of the pension was her sole and separate property and the Husband only received it as a constructive trustee for her benefit. Furthermore the "interest in the post-petition pension payments was not dischargeable because 'payments that are not yet due and payable do not represent a debt under the Code." *Id.*, at 993.

As in *Bush v. Taylor*, Mr. Metheney was to pay Mrs. Metheney certain stock option proceeds as her sole and separate property. The relationship of the parties is not one in which Mrs.

Metheney is a creditor and Mr. Metheney a debtor; but one in which Mr. Metheney is a constructive trustee holding Mrs. Metheney's sole and separate property in constructive trust. Mrs. Metheney has a vested legal right in her court-ordered share of the stock proceeds. Therefore, the issue of dischargability is not reached because the property at issue cannot properly be categorized as a debt. The Court will affirm the holding of the Bankruptcy Court in this case.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that the instant case is **AFFIRMED**, accompanying Judgement to issue.

Dated this 28th day of July, 2020.

/s/ Jean C. Hamilton
JEAN C. HAMILTON
UNITED STATES DISTRICT COURT

6